IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

DAVID SAVOY THOMAS.

        Defendant.

No. 13-CR-3897 MV

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant David Savoy Thomas's Motion *In Limine* – IAFIS Reports [Doc. 37]. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be denied.

## BACKGROUND

This motion focuses on evidence obtained from the scene of an alleged robbery at the corner of Lomas Boulevard NE and San Pedro Drive NE in Albuquerque, New Mexico. On May 1, 2010, a man, allegedly the Defendant, entered a McDonald's, pushed an employee "away from the register" and took "$60 from the till." Doc. 28 at 2. The robber purportedly "left his palm prints on a glass sliding door" at the McDonald's, which were later collected by an Albuquerque Police Department field investigator and then analyzed by a "Forensic Scientist" who "identified Thomas as the robber and matched his prints" to those found at the McDonald's. *Id*. This "APD fingerprint examiner went on to make a visual comparison" of palm prints known

1

to belong to Thomas and those found at the McDonald's "to render her own conclusion that the prints match." Doc. 37 ¶ 2.

Defendant Thomas now moves this Court for an order prohibiting "[t]estimony that latent palm prints … were identified as belonging to Mr, [sic] Thomas by an 'IAFIS' computer search." *Id.* ¶ i.  Thomas contends that "without the opportunity to cross examine the individual(s) who entered the relevant data, programmed the computer, created the algorithms or programs by which the comparison was accomplished, and operated the computer when it produced the result," such testimony would violate his rights under the Confrontation Clause. *Id.* ¶ 3.  *See also, e.g.*, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 329 (2009) (holding that the Confrontation Clause requires that a drug analyst be available for cross-examination to avoid testimony by affidavit).

## Discussion

To begin, while Thomas appears to use the terms "IAFIS" and "AFIS" interchangeably in his Motion, these acronyms do not refer to the same system.  "IAFIS" is a specific automatic fingerprint identification system operated by the Federal Bureau of Investigation, while "AFIS" may refer to any automatic fingerprint identification system, including those operated by individual states.  *See* Doc. 41 at 2.  Here, the government represents that "Forensic Scientist Kristine Rubi analyzed the palm prints using" the AFIS managed by the Albuquerque Police Department, not IAFIS.  *Id.*  Further, there is no indication from the exhibit and witness lists filed by the government that it intends to elicit testimony predicated on IAFIS, as opposed to the system managed by the Albuquerque Police Department.  Docs. 44-45, 50-53.  Nonetheless, for the purposes of Thomas's Motion, the Court will interpret both terms as referring to the system employed by Kristine Rubi to analyze Thomas's fingerprints.

On the merits, it is unclear from Defendant's Motion where precisely he perceives the constitutional deficiency in the anticipated testimony; even a charitable analysis of the issues raised by the Motion reveals no problem with the Confrontation Clause.  To the extent that the Defendant requests the opportunity to cross-examine the analyst that conducted the AFIS search pursuant to *Melendez-Diaz* and its progeny, the Motion is moot; the government has filed a notice that it will call the certifying analyst, Kristine Rubi, as an expert in this case (Doc. 32), has included her in its witness lists (Docs. 44, 51-52), and has reiterated in response to this Motion that she will be "available for cross-examination."  Doc. 41 at 2.  Rubi, the analyst who performed the AFIS search, will be called to testify, thus providing an opportunity, contrary to Defendant's contention, "to confront or cross examine the assertion that the computer made the fingerprint match."  Doc. 37 ¶ 4.  This is all that the Confrontation Clause requires.  *See, e.g.*, *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2710 (2011) (explaining that "[t]he accused's right is to be confronted with the analyst who made the certification.").

If the Defendant harbors additional concerns regarding the automated system Rubi employed in matching Thomas's palm prints to those found at the scene of the crime, he is free to cross-examine her regarding the techniques she employed, how AFIS functions, and all other technical aspects of the analysis.  *See Melendez-Diaz*, 557 U.S. at 320-21 (2009) (noting that "techniques, methodologies, reliability," and the potential for error are "commonly the focus" of cross-examination).  Thomas may well uncover in this questioning some flaw in Rubi's process that makes the analysis unreliable; such inquiry is precisely the purpose of the cross-examination afforded by the Confrontation Clause.  *Cf. Crawford v. Washington*, 541 U.S. 36, 61 (2004) (explaining that the Clause provides that "reliability be assessed in a particular manner: by testing in the crucible of cross-examination").

However, if the Defendant's argument is that the Confrontation Clause demands cross-examination of the individual(s) who *designed* AFIS and the computer systems on which it operates, then the Defendant labors under a significant misapprehension of the law.  First, the Defendant has not cited to any authority that supports the proposition that the architects of a forensic test (to say nothing of the platforms on which it operates) must be available for cross-examination, as opposed to the analyst who performs the test and certifies its results.

Second, the Court has found no case that would support this reading; indeed, the implicit assumption of each of these cases is to the contrary.  By way of example, while the Supreme Court in *Bullcoming* held that the *certifying* analyst must generally be available for cross-examination, it did not require that the developers of gas chromatography, nor the designers of the gas chromatograph machine, nor the workers who assembled the machine, be available for cross examination.  *See Bullcoming*, 131 S. Ct. at 2710-11.  Although it does not appear that this issue was raised at argument, it strains credulity to stretch the Confrontation Clause this far.

Third, even a broad reading of the Confrontation Clause, *Melendez-Diaz*, and its progeny demands confrontation only where a *testimonial statement* is at issue.  *See, e.g.*, *Melendez-Diaz*, 557 U.S. at 307 ("The question presented is whether those affidavits are 'testimonial,' rendering the affiants 'witnesses' subject to the defendant's right of confrontation under the Sixth Amendment."); *Bullcoming*, 131 S. Ct. at 2713 ("if an out-of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness."); *Crawford*, 541 U.S. at 68 (2004) ("Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for

cross-examination."). The programmers of AFIS quite simply have not made a testimonial statement.

## CONCLUSION

Because the Defendant cannot show why the admission of the testimony in question would violate his rights under the Confrontation Clause or any other provision of law, his motion *in limine* must be denied.

**IT IS THEREFORE ORDERED** that the defendant's Motion *In Limine* – IAFIS Reports [Doc. 37] is denied.

Dated this 10th day of November, 2014.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE